HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD D. NELSON and ALLISON NELSON, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>SANDVIK MINING AND CONSTRUCTION, USA, LLC, a corporation,<br><br>Defendant. | CASE NO. 3:10-cv-5778-RBL<br><br>ORDER REQUESTING RESPONSE TO MOTION FOR RECONSIDERATION<br><br>[Dkt. #68] |

THIS MATTER is before the Court on Plaintiff Edward Nelson's Motion for Reconsideration [Dkt. #68]. Nelson requests reconsideration of the Court's Order Dismissing his claim under the Washington Product Liability Act [Dkt. #66]. Nelson was injured while he drilling a water well. Nelson was using a Sandvik Marlin 5 drilling rig, outfitted with an "Atlas hammer" which it did not design, manufacture, or sell to Nelson's employer, Arcadia. The Marlin 5 is not generally sold with an Atlas hammer, but Sandvik did install the one at issue on this particular Marlin 5 rig, at Arcadia's request. Nelson was injured when a "blewey tube" (used to direct drilling debris away from the Atlas Hammer) became disconnected from the Atlas

1  hammer.  The blewey tube was installed by Nelson or Arcadia. It was not designed,
2  manufactured, sold or installed by Sandvik.

3      Sandvik moved for summary judgment, arguing that it only attached the hammer at
4  Arcadia's request and took no part in the design of the Atlas hammer.  Although Nelson did not
5  make any arguments in his response, the Court attempted to glean his arguments from the record
6  and other court filings.  The Court concluded that the relevant product under the WPLA was
7  either the Atlas hammer or the blewey tube.  The Court determined that Sandvik did not design,
8  produce, make, fabricate, construct, or remanufacture either the Atlas hammer or the blewey
9  tube.  The Court also rejected the argument that Sandvik held itself out as the manufacturer of
10 either product.

11     Nelson now seeks reconsideration, arguing that Sandvik knew about the dangers of the
12 Atlas hammer and blewey tube connection based on its experience designing the prototype,
13 which Nelson and Arcadia had used previously.  Nelson also argues that, under *Johnson v.*
14 *Recreational Equipment Inc.*, 159 Wash. App. 939 (2011), Sandvik marketed the relevant
15 product under its brand name.

16     Under Local Rule CR 7(h), a motion for reconsideration will not be granted unless the
17 opposing party has been afforded the opportunity to file a response.  The Court hereby
18 REQUESTS that Sandvik file a short Response to the Motion for Reconsideration.  The
19 Response should address (1) whether Sandvik's involvement in the prototype process affects the
20 WPLA analysis and (2) whether, under *Johnson v. Recreational Equipment Inc.*, Sandvik
21 marketed the Atlas hammer or blewey tube under its brand name.

22

23

24

1     Sandvik should file and serve any response to the Motion for Reconsideration by
2 November 16, 2012.  Nelson may file a Reply by November 23, 2012, addressing the Response
3 as well as the Court's inquiries above.
4     IT IS SO ORDERED.
5     Dated this 31st day of October, 2012.

                                                Ronald B. Leighton
                                                United States District Judge